UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE MATTHEWS, SR. (f/k/a ROYCE LORENZ JOHNSON, SR.),<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 1:26-CV-00340-CCB-ALT |

**OPINION AND ORDER**

Royce Matthews, Sr. filed a pro se complaint (ECF 1) and an initial motion to proceed *in forma pauperis* (ECF 2) on July 23, 2026. That initial motion was denied without prejudice because it did "not include information, such as his monthly income, assets, marital status, and dependents, used by the Court to evaluate his financial eligibility to proceed in forma pauperis." (ECF 4). Mr. Matthews filed a new *in forma pauperis* motion on August 6, 2026. (ECF 5). That motion is the subject of this opinion and order.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees. . . ." A person is unable to pay the filing fee if he would be unable to, "provide himself and his dependents with the necessities of life" after paying the fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

Before deciding whether to grant a plaintiff's motion to proceed *in forma pauperis*, the Court must determine whether "the action . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

While the Court construes Mr. Matthews's pleadings liberally because of his pro se status, *see Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 2006), Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Furthermore, a basis for the Court's jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay*, Inc., 453 F.3d 882, 890 (7th Cir. 2006) (quotations omitted). Federal district courts have original jurisdiction over federal question cases, which are "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, district courts have original jurisdiction over diversity cases, which are "civil actions [brought by citizens of different states] where the matter in controversy exceeds the sum or value of $75,000," and supplemental jurisdiction, "over all other claims that are so related to claims [the district court has original jurisdiction over] that they form part of the same case or controversy. . . ." 28 U.S.C. §§ 1332, 1367.

Throughout his convoluted and dense twenty-nine-page complaint, Mr. Matthews names seventeen Defendants and alleges that these parties are members to a conspiracy that has engaged in a thirty-year retaliatory campaign against him in response to his whistleblowing activities.[1] He alleges that this conspiracy amounts to a RICO enterprise and, as such, the Defendants' actions violate 18 U.S.C § 1962(c) and (d). Furthermore, he alleges that Defendants have engaged in actions that violated his 1st, 4th, 5th, and 14th Amendment rights in addition to claims of malicious prosecution in federal court. (ECF 1). Each of these allegations is a civil action arising under either the Constitution or the laws of the United States, and as such, falls within the Court's original jurisdiction. 28 U.S.C. § 1331.

Mr. Matthews also alleges several state law claims, namely malicious prosecution in state court, abuse of process, and fraud upon the court. (ECF 1). The Court has supplemental jurisdiction over these state law claims because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367. However, if the federal claims were dismissed, the Court may decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

Additionally, the Court cannot exercise diversity jurisdiction over Mr. Matthews's state law claims as he has not alleged complete diversity of citizenship between himself and all Defendants. For the Defendants Mr. Matthews named in their

---

[1] N.D. Ind. L.R. 5.2(e) concerns the formatting of papers filed with this Court. Filings should be double spaced, with body text in at least a 12-point font and have a minimum of 1-inch margins. Mr. Matthews did not comply with Local Rule 5.2(e). While pro se litigants are afforded some flexibility, they are not exempt from local rules. *See, e.g.*, *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011).

individual capacities, their citizenship is established by showing their domicile. *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994). To establish domicile an individual "generally must be physically present at the location and intend to make that place his home for the time at least." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Mere residence is not enough to establish domicile. *See Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Here, Mr. Matthews has not alleged the domicile of any of the Defendants named in their individual capacities. Accordingly, Mr. Matthews has not affirmatively and distinctly alleged diversity jurisdiction over his state law claims. *See McCready*, 453 F.3d at 890.

Mr. Matthews also brings claims against several political subdivisions. For purposes of diversity citizenship, these subdivisions are "citizens of their respective states." *Moor v. Alameda Cnty.*, 411 U.S. 693, 719 (1973). As such, the City of Fort Wayne, and the Allen County Board of Commissioners defeat any potential diversity jurisdiction in this case as they are both, for purposes of diversity jurisdiction, citizens of Mr. Matthews's home state of Indiana. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs.*, 610 F.3d 416, 424 (7th Cir. 2010); *see also Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). Additionally, the claims against the State of Indiana and its separately named subdivisions defeat diversity jurisdiction as states are not "citizens" for purposes of diversity jurisdiction, and, "therefore, are not within the reach of the diversity statute." *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir. 1982); *see also Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir. 1983). Likewise, "the United States is not

a citizen for diversity purposes," and "agencies of the United States . . . cannot be sued in diversity." *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

## I. Immune Defendants

To start, many of the defendants named in Mr. Matthews's complaint are immune from suit. First, "federal sovereign immunity bars suits against the United States, including suits against federal agencies or federal officials in their official capacities, unless Congress has waived this immunity." *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1049 (7th Cir. 2025) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). Defendants the United States of America, Social Security Administration, and Bureau of Fiscal Service ("the Federal Defendants") are immune from suit unless Congress has "unequivocally expressed" a waiver of sovereign immunity relevant to Mr. Matthews's claims against these parties. *See F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012) (citations omitted); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "To maintain an action against the United States in federal court, a plaintiff must identify . . . a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. U.S.*, 326 F.3d 911, 912 (7th Cir. 2003). Mr. Matthews has identified no such federal law, and as such, this Court lacks jurisdiction over his claims against the Federal Defendants. *See Cooper*, 566 U.S. at 291; *Macklin v. U.S.*, 300 F.3d 814, 819 (7th Cir. 2002). Accordingly, Mr. Matthews's claims against the Federal Defendants are futile and must be dismissed with prejudice. *Cf. Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("[T]ruly futile amendments need not be allowed….").

Second, the Eleventh Amendment bars suit in federal court against States by citizens of that State. *Hans v. Louisiana*, 134 U.S. 1, 12 (1890); *McHugh v. Ill. Dept. of Transp.*, 55 F.4th 529, 533 (7th Cir. 2022). Additionally, the Indiana Department of Revenue,[2] Indiana Department of Child Services,[3] and Indiana State Police[4] are divisions of the State of Indiana, making Mr. Matthews's complaint with respect to these Defendants a suit against the State of Indiana, which has sovereign immunity absent an applicable exception. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). "[A] state may waive immunity by consenting to suit in federal court; . . . Congress may abrogate the state's immunity through a valid exercise of its powers; [and] a plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law" under the *Ex parte Young* doctrine. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) (internal quotations and citations omitted). Mr. Matthews does not clearly state which claims he is bringing against the State of Indiana or its divisions, and he does not explain how those entities are connected to each allegation. Moreover, Mr. Matthews has not pleaded facts that establish any exceptions to state sovereign immunity relevant to any of his claims against Indiana or its separately named divisions. *See id.* Therefore, the Eleventh Amendment bars Matthews's suit against those State Defendants.

---

[2] *See* Ind. Code § 6-8.1-2-1 (2026).

[3] *See* Ind. Code § 31-25-1-1 (2026).

[4] *See* Ind. Code § 10-11-2-4 (2026).

Third, Defendant Ashley Hand is a judge, and as such, she is immune from Mr. Matthews's claims. Judges have "absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Judges will be entitled to absolute immunity "even if the action [she] took was in error, was done maliciously, or was in excess of [her] authority." *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556 at *4 (7th Cir. Dec. 15, 2021). Judges are immune if their "actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity." *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).

Mr. Matthews states that "Judge Ashley Hand willfully refused to adjudicate 18 of 20 motions to prevent the entry of evidence concerning the S. Clinton/E. Washington intersection and the Barrett McNagny nexus." (ECF 1). There are no other allegations in the compliant that seem to pertain to Judge Hand. From this single allegation, it seems Mr. Matthews is complaining about evidentiary rulings made in *Royce Matthews, Sr. v. City of Fort Wayne*, No. 02C01-2303-MI-000132 (Allen Circuit Court 2023). First, Judge Hand had jurisdiction over the Allen County case pursuant to Ind. Code § 36-7-9-8 (2026), which grants circuit courts appellate jurisdiction over the exact type of housing code enforcement determinations at issue. Second, "[t]he question of whether to admit evidence is within the sound discretion of the trial court." *Cox v. State*, 854 N.E.2d 1187, 1193 (Ind. Ct. App. 2006) (citing *Kelley v. State*, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005)). As such, Judge Hand was acting within both her jurisdiction and judicial capacity when adjudicating the Allen County case. Therefore, she retains absolute immunity for these

judicial actions and cannot be sued. *See John*, 897 F.2d at 1391; *Mockbee*, 2021 WL 5918556 at *2. Accordingly, Mr. Matthews's claims against Judge Hand are futile and must be dismissed with prejudice. *Cf. Abu-Shawish*, 898 F.3d at 738.

## II. Failure to State a Claim

Mr. Matthews makes many different claims throughout his complaint, but none of them successfully "state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Civil RICO

First, Mr. Matthews alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962 and sues under the civil remedies provision found in 18 U.S.C. § 1964. 18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of such enterprises' affairs through a pattern of racketeering activity or collection of unlawful debt[,]" and section 1962(d) makes it unlawful for any person to conspire to do the same. To prove such a RICO claim, a plaintiff must establish there was "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *New Burnham Prairie Homes, Inc. v. Vill. of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Mr. Matthews has not alleged a pattern of racketeering activity. Predicate acts "must demonstrate both a continuity and a relationship in order to constitute a pattern of racketeering activity." *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986).

This requires a "fact-specific analysis" that considers the following factors: "(1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries." *Brandt v. Schal Assocs., Inc.*, 854 F.2d 948, 952 (7th Cir. 1988) (quoting *Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988) (internal quotation marks omitted).

Here, Mr. Matthews conclusively alleges mail fraud, wire fraud, and obstruction of justice, stating that "Defendants intentionally utilized federal court administrative procedures as an instrument of fraud by falsely and improperly asserting [certain claims] were exempt from mandatory initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)." (ECF 1). Mr. Matthews states that Defendants "repeatedly and falsely represented" that position in hearings and court filings. From the complaint, it seems as if these "fraudulent" statements were made in connection with a single case, Mr. Matthews was the only victim, and the statements were made as part of a single scheme. Mr. Matthews alleges "an isolated episode of fraud" that does not rise to the level of a pattern. *See Tellis v. U.S. Fidelity & Guar. Co.*, 826 F.2d 479 (7th Cir.1986) ("An isolated episode of fraud does not a pattern make."). As such, his RICO claims do not constitute a claim upon which relief may be granted because he has not pleaded the mandatory element of a pattern of racketeering activity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

Additionally, "Fed. R. Civ. P. 9(b) requires that a plaintiff plead 'all averments of fraud [with] particularity,' and this rule is of course applicable to allegations of fraud in

a civil RICO complaint." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). "Although Rule 9(b) requires that a RICO plaintiff provide only a general outline of the alleged fraud scheme—one sufficient to reasonably notify the defendants of their purported role in the scheme—the complaint must, at minimum, describe the predicate acts with some specificity and 'state the time, place, and content of the alleged communications perpetrating the fraud.'" *Id.* (quoting *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir.1991)). Here, Mr. Matthews failed to identify who sent these fraudulent communications, when they sent them, and what content was fraudulent. As such, the RICO claims concerning mail and wire fraud were not pleaded with sufficient particularity to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

**B. *Monell* and Section 1983**

Second, Mr. Matthews alleges violations of 42 U.S.C. § 1983 under a theory of *Monell* liability. A plaintiff can sue local governments under § 1983 "when execution of a government's policy or custom" inflicts an injury within the purview of the statute. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A local government may be liable for monetary damages if the plaintiff can show that the unconstitutional act complained of is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010).

To satisfy Federal Rule of Civil Procedure 8(a)(2), plaintiffs must "'provid[e] some specific facts to support the legal claims asserted in the compliant." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Additionally, "[t]he required level of factual specificity rises with the complexity of the claim." *Id.* at 616-17. Here, Mr. Matthews states that the "constitutional violations" he allegedly suffered "were directly caused by official municipal policies, widespread customs, and final policymaking practices adopted and maintained by the City of Fort Wayne, the Allen County Board of Commissioners, and associated municipal entities." (ECF 1). However, he does not specify what policies or customs led to these alleged constitutional violations. Mr. Matthews does not offer more than what amounts to a "formulaic recitation of the elements" of the cause of action. Therefore, his *Monell* allegations are not a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

The same can be said for his various constitutional claims under the First, Fourth, Fifth, and Fourteenth Amendments. A complaint does not satisfy Federal Rule of Civil Procedure 8(a)(2) if it simply "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Conclusory allegations that do not specify which defendants were responsible for which allegedly unlawful acts are insufficient." *Ajaj v. Fozzard*, No. 23-2219, 2024 WL 4002912 at *3 (7th Cir. Aug. 30, 2024) (citing *Twombly*, 550 U.S. at 555). Here, Mr. Matthews alleges many constitutional violations without detailing when the violations took place, what happened, or which Defendant acted

against him. These allegations lack the specificity required to satisfy the pleading requirements of FRCP 8(a)(2) and do not constitute a claim upon which relief may be granted. *See* U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

**C. Fraud Upon the Court**

Third, Mr. Matthews alleges fraud upon the court, claiming that "Defendants engaged in an unconscionable plan . . . [that] constitutes a direct fraud upon the judicial system, warranting immediate federal vacatur and corrective equitable relief." (ECF 1). He states that their plan was intended to "subvert the historical Shieberberg Mandate . . . by fabricating shadow identities . . . , suppressing official court records, and misleading state and federal tribunals." (ECF 1). It is unclear from both the complaint and the Court's own research what the "Shieberberg Mandate" is or how it factors into this case. Additionally, Mr. Matthews does not specify which Defendants perpetrated the alleged fraud, in which proceedings the fraud occurred, or what specific actions were allegedly fraudulent.

While independent actions for fraud upon the court are potentially allowed under both Indiana and federal law, Mr. Matthews is still subject to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *Cf. Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002) (explaining that Indiana adopts the Federal approach to Fed. R. Civ. P. 60(b)(3) when analyzing claims under Indiana Trial Rule 60(B)). Mr. Matthews's allegations are naked assertions devoid of further factual enhancement and constitute conclusory allegations that do not specify which defendants were responsible for the allegedly unlawful acts, and as such, these claims are insufficient. *See Twombly*, 550 U.S.

at 557; *Ajaj*, 2024 WL 400219 at *3. Mr. Matthews's allegations concerning fraud upon the federal and the state courts are not a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

Further, to the extent these frauds occurred in state court, district court review is prevented by *Rooker-Feldman's* jurisdictional bar, which "recognizes that Congress has not 'authorize[d] district courts to exercise appellate jurisdiction over state-court judgments.'" *Gilbank v. Wood Cnty. Dep't. of Human Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)). There is no fraud exception to *Rooker-Feldman*, and the doctrine applies "even where the federal plaintiff alleges that the state courts that injured [him] were corrupt." *Id.* at 754, 780-781. Accordingly, Mr. Matthews's claims for fraud in state court are futile and must be dismissed with prejudice. *Cf. Abu-Shawish* 898 F.3d at 738.

**D. State Law Claims**

Finally, Mr. Matthews brings two state law claims—malicious prosecution and abuse of process. Even construing facts in favor of the Plaintiff, he fails to state any state law claims on which relief may be granted.

**1. Malicious Prosecution**

First, Mr. Matthews alleges malicious prosecution. Under Indiana law, the "elements of malicious prosecution are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d

238, 249-250 (Ind. Ct. App. 2013). Mr. Matthews fails to identify specific actions Defendants initiated against him. Even assuming that his allegations that "Defendants initiated and continued criminal, civil, traffic, and administrative proceedings . . . without probable case and with malice, intending to vex, harass, and financially exhaust [him]" are true, he does not allege that any of these actions have been terminated in his favor. (ECF 1). As such, he has not pleaded the necessary elements of malicious prosecution, thereby failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

**2. Abuse of Process**

Second, Mr. Matthews alleges abuse of process. Under Indiana law, an abuse of process claim "requires a showing that a defendant had: (1) an ulterior purpose or motives; and (2) a willful act in the use of process not proper in the regular conduct of a proceeding." *Estate of Mayer*, 998 N.E2.d at 249-250. A party "may not be liable for abuse of process where legal process has been used to accomplish an outcome which the process was designed to accomplish." *Reichart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996). Furthermore, "[a] party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Comfax Corp. v. N. Am. Van Lines, Inc.*, 638 N.E.2d 476, 485 (Ind. Ct. App. 1994).

In his complaint, Mr. Matthews states that "Defendants further abused legal processes—including small claims filings, traffic court actions, and child welfare proceedings—for ulterior retaliatory purposes entirely outside the legitimate scope of the law." (ECF 1). He does not identify the proceedings in which these abuses took

place or state the alleged abuses with any particularity. Neither does he specify which defendants are responsible for the allegedly unlawful acts. Mr. Matthews's allegations here are also naked assertions devoid of further factual enhancement and constitute conclusory allegations that do not specify which defendants were responsible for the allegedly unlawful acts, and as such, these claims are insufficient. *See Twombly*, 550 U.S. at 557; *Ajaj*, 2024 WL 400219 at *3. Ultimately, his abuse of process claims fails to satisfy Federal Rule of Civil Procedure 8(a)(2) and are not a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 545.

## III. Conclusion

For the reasons stated above, Mr. Matthews's complaint fails to state any claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, his claims against the United States of America, the Social Security Administration, the Bureau of Fiscal Service, the Indiana Department of Revenue, Indiana Department of Child Services, the Indiana State Police, and Judge Ashley Hand are futile. Mr. Matthews's claims relating to fraud upon the court resulting from state court proceedings are also futile. Accordingly, Mr. Matthews's motion to proceed *in forma pauperis* (ECF 5) is **DENIED WITHOUT PREJUDICE IN PART and WITH PREJUDICE IN PART**.

Mr. Matthews may only file an amended complaint as to his civil RICO claims, his *Monell* and constitutional claims under 42 U.S.C. § 1983, his claims of fraud upon the federal court, his malicious prosecution claims, and his abuse of process claims. Any amended complaint must be filed by **November 30, 2026**. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Any amended complaint must plead sufficient

facts to allow the Court to understand that there is a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Additionally, Mr. Matthews must EITHER pay the filing fee OR refile his motion to proceed *in forma pauperis* with adequate information using the Court's current form AO 239 by **November 30, 2026**. The Court notes that Mr. Matthews failed to comply with the Court's previous order to use form AO 239. (*See* ECF 4). The current version of the form is entitled "Motion to Proceed In Forma Pauperis" and is available at the Court's website.

Failure to comply with this deadline, to pay the filing fee or file a complete form AO 239, to state a plausible claim, or to file a rule-compliant complaint will result in the dismissal of Mr. Matthews's case without further notice. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Finally, Mr. Matthews's motion for summary judgment filed on July 24, 2026, is **DENIED WITHOUT PREJUDICE** as the case lacks any operative complaint. (ECF 3).

SO ORDERED on October 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT